IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:96-CR-51-BO-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DEMETRIUS LAMONT MCCULLERS ) | |

This matter is before the Court on Defendant's Motion to Correct Clerical Error of "Career Offender" Designation [DE 199] and on the United States' Motion to Dismiss [DE 202].

## BACKGROUND

On March 19, 1996, Mr. McCullers was indicted by the grand jury on charges that he conspired with others to possess with intent to distribute and to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846 [DE 12]. Mr. McCullers pleaded guilty to the charges pursuant to a written plea agreement. On October 4, 1996, this Court sentenced him to 262 months of imprisonment [DE 102]. The Fourth Circuit upheld his conviction and sentence on appeal [DE 117]. Since then, Mr. McCullers has filed a number of post conviction motions, including a motion for retroactive application of the sentencing guidelines [DE 170], and a motion for reconsideration [DE 192]. The Court denied these motions. In the instant Motion, Mr. McCullers seeks to attack his designation as a career offender pursuant to Federal Rule of Criminal Procedure 36 in order to receive a two-level reduction in his sentence.

## DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure only permits correction of clerical errors and does not allow a sentence to be substantively altered. *See* Fed. R. Crim. P. 36; *United*

*States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996); *United States v. Powell*, 266 F. App'x 263, 266 (4th Cir. 2008). In *Powell*, on which Mr. McCullers relies, the defendant had pleaded guilty to a state court offense which was not a qualifying offense under the career offender statute. *Id.* at 265. The state court's docket entry erroneously recorded that Powell was convicted of a crime other than that to which he pleaded guilty. *Id.* Solely as a result of the error, Powell had been designated a career offender under the Sentencing Guidelines. *Id.* By contrast, Mr. McCullers has failed to allege that his designation as a career offender occurred as a result of a clerical error, and this Court has already reconsidered his sentence in response to his motion under 18 U.S.C. § 3582 (c)(2). Therefore, Mr. McCullers' motion is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED and the United States' Motion to Dismiss is DENIED as MOOT.

SO ORDERED, this the 7 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE